**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

STRATEGIC WELL-SITE MATERIALS
& LOGISTICS, LLC,

    PLAINTIFF,

vs.                                                    CASE NO. CV 12-J-1132-NW

FRAC MASTER SANDS, LLC
n/k/a FMS TECHNOLOGICAL
SYSTEMS, LLC, et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

Pending before the court is plaintiff Strategic Well Site Materials & Logistics LLC's motion for summary judgment and brief in support as to claims under the Alabama Fraudulent Transfer Act (AFTA), Ala. Code § 8-9A-4 *et seq*, against defendants Leigh Ann Kidd (Mrs. Kidd") and Billy Kidd, Jr. ("Kidd Jr.") (doc. 102). Defendants have failed to respond.[1] The court finds as follows:

## Factual Background

On April 12, 2011, Frac Master Sands, LLC, ("FMS") and Strategic Well-Site Materials and Logistics, LLC. ("Strategic Well-Site") entered into an agreement for the purchase of silica sand (the "Agreement"). Pl.'s Ex. 1 (doc. 102) at 1. Pursuant to

---

[1] Pursuant to the Court's Scheduling Order (doc. 31) Ex. A, Defendants had 14 days to respond from the filing of the motion for summary judgment by plaintiff. *See also* Order of 3/4/2013 (doc. 103).

the terms of the Agreement, Strategic Well-Site provided FMS with a prepayment in the amount of four million dollars ($4,000,000). *Id.* at 4. This Prepayment entitled Strategic Well-Site to a credit towards its purchase of sand. *Id.* Strategic Well-Site wired FMS a payment of $1,500,000 on April 8, 2011 and a payment of $2,500,000 on May 9, 2011, totaling $4,000,000. Pl.'s Ex. 3 (doc. 32).

On July 17, 2012, Strategic Well-Site filed a First Amended and Supplemental Petition ("Petition") seeking the return of fraudulent transfers made by FMS to Kidd Jr. and Mrs. Kidd. *See* (doc. 35). Records from Bank Independent show Mrs. Kidd received the three payments from FMS totaling $12,000.00 and Kidd Jr. received payments from FMS totaling $172,900.00. Pl.'s Ex. 2 & 3 (doc. 102).

On September 6, 2012, Strategic Well-Site's motion for summary judgment against FMS and Billy Kidd Sr. on its breach of contract claim was granted. *See* (doc. 49). This court found that Strategic Well-Site and FMS had entered into a "valid and binding contract" on April 12, 2011 and that FMS had breached its obligations under the Agreement by failing to provide sand or return the $4 million Prepayment. *Id.* On November 15, 2012, a final judgment in favor of Strategic Well-Site Materials & Logistics LLC and against Frac Master Sands, LLC and Billy Kidd, Sr., jointly and severally, in the amount of $4,270,246.50 was entered. (doc. 69).

## **Standard of Review**

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rules of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is a

metaphysical doubt as to the material facts" to meet their burden *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

The court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party when deciding motions for summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). "The moving party is entitled to 'judgment as a matter of law' when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof." *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987) (citing *Celotex*, 477 U.S. at 324).

There is a genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. "The basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Nat'l Mining Ass'n v. Apfel*, 97 F. Supp. 2d 1070, 1076 (N.D. Ala. 1999) (quoting *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala. 1998)). Summary judgment is appropriate where the moving party shows an absence of evidence to support an essential element of the nonmoving party's case. *Weiss v. School Board of Hillsborough County*, 141 F.3d 990, 994 (11th Cir. 1998).

## **Legal Analysis**

Plaintiff asserts there are no disputed material facts as to the elements of Strategic Well-Site's AFTA claims and Mrs. Kidd and Kidd Jr. Plaintiff has shown that both Mrs. Kidd and Kidd Jr. received payments from FMS. *See* (Pl.'s Ex. 3-5 (doc. 102) . Plaintiff asserts these payments were made at a time that FMS owed obligations to Strategic Well-Site and that Mrs. Kidd and Kidd Jr. bear the burden of proving that they provided equivalent value for the monies they received.

To have a conveyance of property voided as a fraudulent transfer under Alabama law, Strategic Well-Site must prove three elements: (1) it or another creditor

5

was defrauded; (2) the debtor intended to defraud by actual or constructive fraud; and (3) Strategic Well-Site's claim "could have been satisfied or partially satisfied by the conveyed property." *In re Robinson*, 2008 WL 1756357, *2 (Bankr. S.D. Ala. 2008) (citing *Champion v. Locklear*, 523 So. 2d 336, 338 (Ala. 1988)). Importantly, once Strategic establishes that it was a creditor of FMS at the time a transfer was made, "'the burden shifts to the grantee to show that (1) the grantor owed a debt to the grantee; (2) the consideration for the conveyance was the extinguishment of the existing debt; and (3) the value of the property conveyed was no more than a fair equivalent for the debt amount.'" *Cox v. Hughes*, 781 So. 2d 197, 201 (Ala. 2000) (quoting *Granberry v. Johnson*, 491 So. 2d 926, 928-29 (internal citations and quotations omitted)).

This Court held in its September 2012 Memorandum Opinion, the Agreement was a valid and binding contract between Strategic Well-Site and FMS that was entered into on April 11, 2011. *See* (doc. 49) at pg 6-9. "Anyone is a creditor, under [the AFTA], who has a right by law to demand, either presently or upon future contingency, the fulfillment of any obligation or contract." *Foy v. Foy*, 447 So. 2d 158, 163 (Ala. 1984) (citing *Gannard v. Eslava*, 20 Ala. 732 (1852)); *see also Bibb v. Freeman*, 59 Ala. 612, 615 (Ala. 1877) ("Whoever has, or may have a claim or demand upon a contract in existence at the time the voluntary conveyance is

6

executed, is a creditor within the meaning of the statute. A contingent claim, is as fully protected, as a claim that is certain and absolute"). Because Strategic Well-Site had an existing contract with FMS, and thus a contingent claim, at the time the conveyances to Mrs. Kidd and Kidd Jr. were made, Strategic Well-Site is a creditor within the meaning of the AFTA. This shifts the burden to Mrs. Kidd and Kidd Jr. to show that FMS owed a debt to each of them; that the payments provided to them extinguished those existing debts; and that the payments were a "fair equivalent" for the amount of debt owed to them. *See Cox*, 781 So. 2d at 201.

"Constructive fraud is found when a grantor, indebted at the time, conveys property without receiving *valuable consideration*." *In re Robinson*, 2008 WL 1756357 at *2 (emphasis in original) (quoting *Aucoin v. Aucoin*, 727 So. 2d 824, 827 (Ala. Civ. App. 1998) (internal citations and quotations omitted). Importantly, the "actual, subjective intent of the grantor is irrelevant to the conclusion of constructive fraud." *Id.* (citing *Champion v. Locklear*, 523 So. 2d at 338). In addition, because Mrs. Kidd and Kidd Jr. are family members of Billy Kidd Sr., the managing member of FMS, the court "automatically infer[s] constructive fraud if the transfer was made to a family member and there was no valuable consideration." *Id.* (citing *Peoples v. AuburnBank*, 814 So. 2d 297, 300 (Ala. Civ. App. 2001); *McPherson Oil Co., Inc. v. Massey*, 643 So. 2d 595, 596 (Ala. 1994). "'Once constructive fraud is alleged in a

family transaction, as it has been here, the grantee [Mrs. Kidd and Kidd Jr.] has the burden of proving the bona fide character of the underlying transaction.'" *Id.* (quoting *Champion*, 523 So. 2d at 338).

Mrs. Kidd and Kidd Jr. have not presented any evidence that they provided valuable consideration in exchange for the payments they received, thus those payments are voided as "constructive fraud" under Ala. Code § 8-9A-5(a). As such, Strategic Well-Site, as the creditor defrauded by those transfers and whose claim against FMS is entitled to summary judgment on its fraudulent transfer claims against Mrs. Kidd and Kidd Jr.

### Conclusion

Having considered the foregoing and finding that defendants have failed to establish a genuine issue of material fact sufficient to allow this case to proceed to trial on the fraudulent transfer claim, the court **FINDS** that plaintiff's motion for partial summary judgment (doc. 102) is due to be **GRANTED**, and the court shall so order by Separate Order.

**DONE** and **ORDERED** this the 25th day of March 2013.

/s/ Inge Prytz Johnson
_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE